# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

UNITED STATES OF AMERICA    )
                                 )
v.                                )    Case No.  CR418-088
                                 )
DERRICK RAMON SNIDER.    )
                                 )

## <u>ORDER</u>

Defendant Derrick Snider has moved for the appointment of new counsel in this matter.  Doc. 35.  Because this case is currently scheduled for sentencing on February 22, 2019, the Court held an *ex parte* inquiry hearing on February 7, 2019.  Julianne Glisson has been serving as his court-appointed lawyer, but Snider wants to replace her even though he agreed at the hearing that Glisson negotiated a favorable plea agreement on his behalf.

"Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause."  *United States v. Young*, 482 F.2d

993, 995 (5th Cir. 1973)[1]; *Thomas v. Wainwright*, 767 F.2d 732, 742 (11th Cir. 1985); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship"). Good cause for a substitution requires a showing that a defendant's appointed counsel cannot provide adequate assistance. Typical grounds include a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict between counsel and his client. *Young*, 482 F.2d at 995.

At the hearing, it became obvious that there existed a near-absolute breakdown in the attorney-client relationship between Snider and Glisson. In addition to filing this motion, Snider has also filed a bar complaint against Glisson. Meanwhile, Ms. Glisson is concerned for her safety when visiting her client. While defendant's motion follows his guilty plea and comes late in the proceedings, the Court, having exhaustively inquired into the merits of the motion, is convinced that the "conflict [is] so great that it [has] resulted in a total lack of communication

---

[1] *Young* is binding Eleventh Circuit precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

between the defendant and his counsel" and would likely undermine his defense at sentencing. *United States v. Oliver*, 316 F. App'x 877, 880 (11th Cir. 2008) (quoting *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997)). Given such a complete breakdown in the attorney-client relationship, defendant's motion for new counsel is **GRANTED**.

**SO ORDERED,** this 7th day of February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA