# United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 418-088 |
| | ) | |
| DERRICK RAMON SNIDER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Derrick Snider's motion for reduction of sentence filed pursuant to the First Step Act of 2018. Dkt. No. 54. Defendant also appears to move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See id. The Government has responded in opposition, dkt. no. 55, and the motion is ripe for review.

### BACKGROUND

In June 2018, Defendant pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Dkt. Nos. 28, 48. In March 2019, the Court sentenced Defendant to 136 months' imprisonment, to be served consecutively to any sentence imposed on the then-pending probation revocation but concurrently with any related state charges, followed by three years' supervised release. Dkt. No.

48. Defendant did not directly appeal. Now he moves the Court for a sentence reduction. Dkt. No. 54.

## DISCUSSION

### I. First Step Act Motion

Defendant cites sections 401 and 404 of the First Step Act as the bases for his motion for sentence reduction. Dkt. No. 54 at 2, 3.

#### Section 401

"[S]ection 401 of the First Step Act made changes to certain § 851 penalty enhancements for repeat offenders. In effect, it changed the type of prior offenses that can trigger enhanced penalties from 'felony drug offenses' to 'serious drug felonies.'" United States v. Mathews, 837 F. App'x 701, 703 (11th Cir. 2020) (citing First Step Act § 401(a); 21 U.S.C. § 841(b)(1)(A), (B) (2020)).

Petitioner argues that, based on the First Step Act, he now "would not qualify as a career offender or be subject to a § 851 enhancement." Dkt. No. 54 at 3. But here, Defendant's sentence was not enhanced by a § 851 notice, so section 401 does not apply to him.

#### Section 404

"An offender is eligible for a sentence reduction under the First Step Act only if he previously received 'a sentence for a covered offense.'" Terry v. United States, 141 S. Ct. 1858,

2

1862 (2021) (citing § 404(b), 132 Stat. 5222). "The Act defines 'covered offense' as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by' certain provisions in the Fair Sentencing Act." Id (quoting § 404(a)) (internal quotation marks omitted); see also id. at 1862-63 (noting the First Step Act applies only to crack-cocaine offenses under §§ 841(b)(1)(A) or (b)(1)(B) and does not modify the statutory penalties for a conviction under § 841(b)(1)(C)).

The Court concludes § 404 does not apply to Defendant for at least three reasons. First, Defendant was convicted of a methamphetamine offense, not a crack-cocaine offense. Second, Defendant was convicted of a § 841(b)(1)(C) offense, the statutory penalties for which were not modified by the First Step Act. Finally, Defendant was charged, convicted and sentenced after August 3, 2010—the effective date of the Fair Sentencing Act. Thus, Defendant has already been sentenced pursuant to the Fair Sentencing Act's amendments. Accordingly, Defendant is ineligible for a sentence reduction. His First Step Act motion is **DENIED**.

## II. Compassionate Release Motion

To the extent Defendant moves for compassionate release, the Court finds that he has not exhausted his administrative remedies with the Bureau of Prisons as required by 18 U.S.C. § 3582(c)(1)(A). Furthermore, Defendant has not alleged

3

"extraordinary and compelling reasons" as set forth in the Sentencing Guidelines policy statement § 1B1.13. Because Defendant has thus not shown he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A), his motion for compassionate release is **DISMISSED**.

## CONCLUSION

To the extent Defendant moves for a sentence reduction pursuant to the First Step Act, his motion is **DENIED**. To the extent Defendant moves for compassionate release, his motion is **DISMISSED**.

**SO ORDERED**, this 19 day of December, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA